IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEUNDRAE LYDELL MILLER, | § | |
| #48857-177 | § | |
| Movant, | § | |
| | § | |
| v. | § | No. 3:17-CV-2177-N-BT |
| | § | (No. 3:14-CR-376-N-2) |
| | § | |
| UNITED STATES OF AMERICA | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Deundrae Lydell Miller, a federal prisoner, filed a *pro se* motion to
vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court
referred the resulting civil action to the United States magistrate judge pursuant to 28
U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court
should deny the motion.

I.

On July 30, 2015, a jury found Miller guilty of four counts of Hobbs Act robbery
and one count of attempted Hobbs Act robbery under 18 U.S.C. § 1951, five counts of
using, carrying, and brandishing a firearm during and in relation to each of the charged
Hobbs Act robberies as a "crime of violence" under 18 U.S.C. § 924(c), and one count
of possessing a firearm as a convicted felon under 18 U.S.C. § 922(g)(1). (Crim. Doc.

1

54, 83).[1] The District Court imposed an aggregate sentence of 1,384 months of imprisonment. (Crim. Doc. 83). Miller filed a direct appeal, in which the Fifth Circuit affirmed the judgment, on March 14, 2017. *See United States v. Miller*, 681 F. App'x 381 (5th Cir. 2017). He did not file a petition for a writ of certiorari.

On August 16, 2017, Miller filed a § 2255 motion. (Doc. 2). He then filed an amended § 2255 motion, and a second amended § 2255 motion on September 25, 2017, and June 25, 2018, respectively. (Doc. 4, 6). In his second amended motion, Miller argues that his appointed appellate attorney provided ineffective assistance by "fail[ing] to seek certiorari review on whether *Johnson* applied to § 924(c) and that *Gonzalez-Longoria*[2] was wrongly decided in light of other circuit's ruling contrary to movant's circuit." (Doc. 6 at 4).

## II.

To succeed on a claim of ineffective assistance of counsel, a movant must show "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled

---

[1] When referencing the docket, the Court will designate the Criminal Action No. 3:14-CR-376-N-2 as "Crim. Doc."

[2] The Court understands Miller's reference to '*Johnson*' to mean the Supreme Court case *Johnson v. United States*, 135 S. Ct. 2551 (2015), and his reference to '*Gonzalez-Longoria*' to mean the Fifth Circuit case *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc).

to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981); *see also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984).

Secondly, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The movant must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If he fails to prove prejudice, the court need not address the question of counsel's performance. *Id.* at 697. Merely presenting "conclusory allegations" of deficient performance or prejudice is insufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

III.

Although Miller asserts that his appellate counsel provided ineffective assistance by failing to file a petition for a writ of certiorari, a criminal defendant has no constitutional right to counsel to file such a petition. *Wainwright v. Torna*, 455 U.S. 586, 586 (1982) (citing *Ross v. Moffitt*, 417 U.S. 600, 617 (1974)) (stating that petitioners do not have a constitutional right to counsel to pursue discretionary state appeals or applications for review in the Supreme Court). "[W]here there is no constitutional right to counsel, there cannot be constitutionally ineffective assistance of counsel." *Wyatt v. United States*, 574 F.3d 455, 459 (7th Cir. 2009) (citing *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)) (denying § 2255 motion because there was no ineffective assistance of counsel for failure to file timely petition for a writ of certiorari

since defendant had no constitutional right to counsel in seeking certiorari review); *see also United States v. Lauga*, 762 F.2d 1288, 1291 (5th Cir. 1985) (stating that a suggestion of ineffective assistance of counsel for failing to file a petition for certiorari was 'totally devoid of merit').

Therefore, Miller cannot demonstrate that his appellate counsel's representation was objectively unreasonable, simply because he did not file a petition for a writ of certiorari.

Furthermore, Miller simply claims that his counsel was ineffective "when he failed to seek certiorari review." (Doc. 6). He fails to allege, much less "affirmatively prove" he was prejudiced by his counsel's supposed failure. *See Strickland*, 466 U.S. at 693. He fails to show that there is a reasonable probability that, but for counsel's failure to file a petition for a writ of certiorari , the results of the proceeding would have been different. *See id*. at 694.

Miller has failed to demonstrate ineffective assistance of his appellate counsel under these circumstances.

IV.

The Court should deny the § 2255 motion for failure to make a substantial showing of the denial of a federal right.

Signed June 6, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).